# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

RONALD RAY BRESHEARS,
ADC #132771                                                                                           PLAINTIFF

v.                                            4:22CV00060-LPR-JTK

RODNEY WRIGHT, et al.                                                                        DEFENDANTS

## ORDER

Ronald Ray Breshears ("Plaintiff") has filed a Motion for Clarification and Reconsideration. (Doc. No. 40). Plaintiff's Motion (Doc. No. 40) is GRANTED in part and DENIED in part.

### I.     Request for Clarification

To the extent Plaintiff seeks clarification as to the status of his case, his request (Doc. No. 40) is granted. As explained in a June 7, 2022 Order, certain of Plaintiff's claims survived summary judgment on the issue of exhaustion and remain live in this case. (Doc. No. 38 at 2). These claims will be considered on the merits. A scheduling order setting out the discovery deadline and dispositive motions deadline will be issued.

### II.    Motion for Reconsideration

Plaintiff asks the Court to reconsider its earlier order denying his request for appointment of counsel. (Doc. Nos. 31, 33, 40). Plaintiff's motion for reconsideration (Doc. No. 40) is denied.

While a pro se litigant has no statutory or constitutional right to appointed counsel in a civil case, Stevens v. Redwing, 146 F.3d 538, 546 (8th Cir. 1998), the Court may, in its discretion, appoint counsel for non-frivolous claims where "the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." Johnson v. Williams, 788 F.2d

1319, 1322 (8th Cir. 1986). In evaluating the plaintiff's request in Johnson, the Court considered four factors: (1) the factual and legal complexity of the case; (2) the plaintiff's ability to investigate the facts; (3) the presence or absence of conflicting testimony; and (4) the plaintiff's ability to present his claims. Id. at 1322-23.

In his earlier Motion to Appoint Counsel, Plaintiff says that he has contacted counsel in an effort to secure representation and that he has attempted to obtain information and records on his own, apparently to no avail. (Doc. No. 32). Considering Plaintiff's Motion, and the Johnson factors, the Court denied Plaintiff's Motion to Appoint. (Doc. No. 33). There have been no substantial changes in this case since that time. Plaintiff's claims do not appear legally or factually complex, and the record demonstrates that at this time he is capable of proceeding without the benefit of appointed counsel. Further, if Plaintiff's case proceeds to trial, he will be appointed an attorney. (Doc. No. 3 at 2) ("If your case proceeds to a jury trial, however, a lawyer will be appointed to assist you.).

IT IS SO ORDERED this 7th day of July, 2022.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE